By the Court.
 

 Counsel for relator contend that a disbarment proceeding is penal in nature, having all the attributes of a criminal case, and is to be governed by the laws of criminal practice in a special statutory proceeding or quasi-criminal case and not in an ordinary civil case. They contend further that the latter portion of Section 1708, General Code, relating to disbarment and reading, “he shall be allowed a reasonable time to collect and present testimony in defense, and he shall be heard by himself or counsel,” and the requirements of Section 13442-1, General Code,
 
 *201
 
 that “criminal cases shall be given precedence over civil matters” and “shall be forthwith set for trial within a reasonable time, not exceeding thirty days thereafter,” are mandatory.
 

 The above-quoted provisions of Section 1708, General Code, are mandatory, but they do not deal with fixing the time for hearing a disbarment proceeding.
 

 Counsel relying on Section 13442-1, General Code, maintain that since statutes relating to disbarment are penal in nature, they are to be strictly construed. The requirements of disbarment statutes are to be strictly construed in favor of one against whom charges are filed, but the fact that the court may reprimand, suspend or disbar an attorney does not convert a disbarment proceeding into a criminal prosecution to be tried pursuant to the Criminal Code of this state.
 

 Section 11385, among other sections of the General Code, specifies those civil cases which are to be 'given preference in assignment for trial and gives discretion to the court in directing the order in which other cases are to be heard. There is no allegation that this, disbarment proceeding will not be heard in its regular order.
 

 The writ of mandamus will not issue to control the exercise of discretion. The pleaded facts do not allege a clear abuse of discretion.
 

 The writ will issue to command the performance of an act which the law specially enjoins as a duty. Section 12283, General Code. No such duty has been alleged by relator.
 

 The demurrer is sustained and a writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Hart, Zimmerman and Turner, JJ., concur.